The substance of the case was as follows: Peter Be-Roist and Paul Townsend were engaged in trade in Charleston, under the firm of P. Townsend & Co. and were indebted to the complainants in England for goods shipped to them in the usual course of trade. In 1762 the mutual dealings ceased, and a balance was then due, as per stated accounts: and several remittances were made s p by Townsend, the surviving co-partner in successive years to the complainants. In the year 1772, Townsend the surviving co-partner, acknowledged the balance then due; and in 1775 made another remittance; and in 1774 acknowledged the receipt of the annual statement of accounts, but said he had not time at that moment to examine it. The revolutionary war then came on, and stop-pod the intercourse. After the war the legislature interfered, and various statutes impeded the recovery of debts, till the year 1793; but at the same time suspended the operation of the statutes of limitations, for a corresponding period. One of the co-partners Benoist died in the year 1759, and by his will bequeathed a particular property to assist in paying the debts of the co-partnership, if the funds should be insufficient. Some time after the death of Benoist, the partnership effects were sold, and 6000/. of the then currency, part of the proceeds of the sales, were paid over to the executors of Benoist, in April, 1763; What has become of this fund cannot now he learnt. Benoist left a considerable estate; and amongst other things a tract of land, which he devised to his daughter and her heirs. Townsend, the surviving co-partner, ultimately died insolvent: and no co-partner funds can be found, nor indeed any property of Townsend or Benoist, except the said tract of land, which has been held by his family ever since Ms death in the year 1759.
*428 In the year 1792 tliis suit was instituted to establish the debt, and to make this land liable for it.
For the defendants it was contended by Gen. Pincfc-ney, that the length of time from the death of Benoist, and from the dissolution of the co-partnership, made this a stale claim which should be barred. That forbearance of suit for twenty years is a good bar to a suit in equity.— That the statute of limitations applied to this stated account; and that the acknowledgments of Townsend ought not to bind his deceased co-partner’s estate. That if application had been made in a reasonable time, Benoist’s personal estate was sufficient to have paid this debt, and bis executors might have been made to pay the debt. But in the lapse of time it has been used and exhausted. Townsend was trusted and looked to by complainants fifteen years after Benoist’s death. That even the fund ¡set apart by Benoist for the payment of bis proportion of the partnership debts, was sold and exhausted before the time of these defendants: And that at all events, if the claim could not be supported, compound interest ought not to he allowed after the mutual dealings had ceased— nor .simple interest during the war. That the act of 5 Geo. II. for making lands in the colonies liable to debts, does not make them liable in the first instance to simple contract debts, but only after the personal estate is exhausted. The practical construction has been, that on failure of the personal estate, the plea of pleue adminis-travit is put in, and then the lands are made liable.' That the complainants continuing to supply Paul Townsend the surviving co-partner with goods after the death of Benoist, and after the expiration of the concern of P. Townsend & Co. they must have trusted to him for payment. That no assumpsit of a surviving co-partner can hind the heir of the deceased partner, nor bis estate. In the case of Sterling vs. Drummond it was settled, that as soon as the mutual dealings ceased, and the account was stated, no compound interest should he allowed, nor should subsequent payments be considered as a mutual dealing. — The following cases were cited, 1 Atk. 80. 3 Atk. 105, 517. 1 Ves. sen. 499. Burr. 2613. 2 Eq. Cas. *429 abr. 252. Douglas, 629. 3 Bac. abr. 513, title Partners. 1 Vern. 118, 456.
Dqcree.
It was argued for the complainants by Mr. Pringle, that the laches was on the part of the executors of Bc-noist, who ought io have called on the surviving co-partner to close the affairs of the. concern, and satisfy the debts. That not having done so, they acquiesced in ail the ads of Townsend, the surviving co-partner. That lie continued the mutual dealings until the year IT; 3., consequently compound interest continued according to the usage of the trade, and simple interest as-soar, as the account became stated. The statute of limitations never ran against this demand, for the payments to 1778 prevented that. In 1775 the statute of limitations was suspended; and the suspensions continued after the war to 1793. In 1791 this suit was instituted. Nor does lapsa of time bar such a claim under the circumstances oí* a war of seven years interrupting the communication, and statutory interpositions between .debtors and creditors for eight or ten years longer. That it is acknowledged the personal estate is exhausted, and no fund remains to pay the demand but this land: and there is no just ground that this land, descending from the ancestor, should not be liable to the debt of the ancestor.
The court delivered its decree:
The acts and assumptions of Townsend the surviving co-partner, as to the affairs of the co-partnership, bound the other partner’s estate, and will bind his representatives; so as to make his private estate in their hands liable to the debt on failure of the co-partnership funds. The law has fixed no limitation of time as to the surviving co-partner reviving co-partnership debts, by his acknowledgments. If the surviving co-partner wastes the funds this court would, on a proper application, protect the estate of his deceased co-partner, by obliging him to give security, or will appoint a receiver. In 1763 BenoisCs executor received part of the co-partnership funde, nearly equal to his share of the co-partnership debt, which should have been applied to pay if. The complainants were somewhat Ii1am.eable.for indulgence before the war, but as *430 Townsend continued to make remittances and promises-till 1773, they are excusable. The time from 1774 to 1783 cannot he reckoned against the complainants, by reason of the war,' nor from 1783 to 1788, because of the legislative, interpositions between debtor and creditor, and uie suspensi0n 0f the statute of limitations^ and this suit was brought in 1792. Compound interest ceased with the mutual dealings in 1762. Simple interest has been refused by a jury, half aliens. This court will not allow it, nor send to a jury. This case is hard on defendants: But Benoist’s executors are dead, and no funds can be ijot at but the land in question,' and the statute makes real estate liable even to simple contract debts, on the failure -of other funds.
The court ordered that the master should report what was due, excluding compound interest, and interest during the war, and directed the land to be sold on twelve months’ credit, taking bond and mortgage. — Costs to be paid out of the sales of the land.